IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>  v.<br><br>MITCHELL ENGINEERING COMPANY, a California Corporation; S.F. EQUIPMENT, a California Corporation; S.F. HOLDINGS, INC., a California Corporation; MICHAEL SILVA, an individual; STEPHANIE SILVA, an individual; CURTIS F. MITCHELL, an individual; CRYSTAL MITCHELL, an individual; CURTIS F. MITCHELL AS TRUSTEE OF THE CURTIS F. MITCHELL FAMILY TRUST; MACDONALD AUXILIARY CORPORATION, solely in its capacity as Trustee,<br><br>       Defendants. | No. C 10-04558 CW<br><br>ORDER DENYING MEC DEFENDANTS' MOTION FOR A STAY OF THE PROCEEDINGS<br>(Docket No. 28) |

Defendants Mitchell Engineering Company (MEC), S.F. Equipment (SFE), S.F. Holdings, Inc. (SFH), Michael Silva, Stephanie Silva, Curtis F. Mitchell, Crystal Mitchell, and Curtis F. Mitchell, as Trustee of the Curtis F. Mitchell Family Trust (the Trust), (collectively, the MEC Defendants) move to stay the proceedings in the above captioned action. Defendant MacDonald Auxiliary Corporation does not join the motion. Plaintiff Arch Insurance Company opposes the motion. Having considered all of the parties' submissions, the Court DENIES the MEC Defendants' motion.

BACKGROUND

This case involves a dispute between a general contractor and its surety. MEC is a civil engineering and construction firm based in San Francisco. MEC, the City and County of San Francisco (CCSF) and the San Francisco Public Utilities Commission (SF PUC) entered into several construction agreements for six public works projects. MEC obtained surety bonds for the performance of its work through Arch. MEC and Arch signed the first agreement, the General Indemnity Agreement (GIA), on or about July 20, 2004. On or about July 1, 2006, MEC and Arch signed a Financing and Collateral Agreement (FCA). On or about December 19, 2006, with consent from the MEC Defendants, Arch entered into a Loan Purchase Agreement (LPA) with Mechanics Bank. Arch purchased from the bank, and the bank assigned to Arch, all of the bank's rights and remedies under various loan instruments executed by MEC and other Defendants.

Disputes between MEC and CCSF have resulted in the filing of seven lawsuits, in addition to the above captioned action. Six lawsuits are pending in state court, one for each public works project. In another federal lawsuit, pending in this district, MEC is pursuing civil rights claims against CCSF.

Arch contends that the MEC Defendants owe it over $54,000,000. On January 13, 2011, the MEC Defendants filed a counterclaim against Arch, claiming breach of contract, and a

third party complaint against CCSF, seeking indemnity.  Docket No. 36.

## LEGAL STANDARD

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time, effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248 (1936).  The Supreme Court in Landis explained that the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward . . . ." Id. at 255.  Based on Landis, the Ninth Circuit requires courts to consider the competing interests at stake, including (1) the possible damage that may result from granting the stay; (2) the hardship the party seeking the stay may suffer if required to go forward; and (3) the orderly course of justice as it relates to simplifying or complicating issues, evidence or questions of law presented in the case. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

## DISCUSSION

The MEC Defendants have failed to demonstrate that a stay is warranted this in action.  They contend that resolution of the other seven lawsuits will provide them with sufficient funds to cover their obligations to Arch.  Whether or not that is true, Arch would suffer a substantial delay if it were required to wait until after the resolution of the seven lawsuits before pursuing

3

its action for indemnity. While a jury verdict has been reached in the other federal case, trial dates have not been set for the majority of the state court cases. The dissipation of the MEC Defendants' assets is at risk while the extent of their legal obligations to Arch remains undecided. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis." Mirant Corp., 398 F.3d at 1112.

A stay would not serve an orderly and efficient resolution of this case. Although this action arises from the same disputes being litigated in the seven other lawsuits, the legal issues in this action are not the same as those presented in the other cases. As the MEC Defendants acknowledged in their opening brief, Arch is seeking indemnity from the MEC Defendants in this proceeding for amounts allegedly incurred on behalf of MEC in relation to the construction projects at issue in the other actions. The MEC Defendants have not, however, identified a claim or issue in the other lawsuits that would resolve the terms of their agreements or determine their obligations to Arch. The MEC Defendants assert a risk of inconsistent rulings but do not persuasively explain how this could occur. Furthermore, the inability of the parties to conduct timely discovery on issues that do not overlap with the other litigation could result in the loss of relevant evidence through faded memories, witnesses who become more difficult to locate, or documents that become

4

inaccessible. I.K. v. Sylvan Union School District, 681 F. Supp. 2d 1179, 1193 (E.D. Cal. 2010) (citing Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007).

CONCLUSION

Because the MEC Defendants have not established that a stay is warranted under the Landis framework, the Court DENIES their motion. Docket No. 28.

The MEC Defendants shall serve their third-party complaint on CCSF by February 7, 2011. The Court continues the Case Management Conference currently scheduled for February 8, 2011 to March 1, 2011 at 2:00 pm to allow CCSF to appear. The parties shall propose, in their joint case management conference statement, procedures and a schedule that will lead to the most efficient resolution of this case in light of the other pending actions.

IT IS SO ORDERED.

Dated: 1/24/2011

CLAUDIA WILKEN
United States District Judge